IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| KEITH MURAUSKAS, | ) | CIVIL NO. 06-00312 JMS-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | FINDINGS AND RECOMMENDATION TO |
| ROBERT PARKER, Warden, et al., | ) | DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| | ) | |
| Respondent. | ) | |

**FINDINGS AND RECOMMENDATION TO DISMISS**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before this court is pro se Petitioner Keith Murauskas' Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. As ordered, Respondents filed a Preliminary Answer to the Petition on October 9, 2006. Murauskas did not file a Reply.[1] After careful consideration of the Amended Petition, Preliminary Answer, and the entire record before the court, the court finds that Grounds One, Two, Three, Four and Five are unexhausted. The court RECOMMENDS that the Petition be DISMISSED without prejudice

---

[1] Pursuant to this Court's August 1, 2006 Order, Murauskas' Reply to Respondents' Preliminary Answer was originally due no later than October 11, 2006. On September 1, 2006, however, this Court granted Respondents' Ex Parte Motion for Extension of Time to File Answer, thereby granting Murauskas an extension of time up to and including November 13, 2006, within which to file a Reply. On November 16, 2006, this Court granted Murauskas an additional extension of time, up to and including December 13, 2006, within which to file a Reply to Respondents' Preliminary Answer. Again, on December 22, 2006, this Court granted Murauskas an extension of time, up to an including January 12, 2007, within which to file a Reply to Respondents' Preliminary Answer. The December 22 Order stated that the Court will not grant Murauskas any further extensions of time within which to file a Reply. (Doc. No. 64.)

to refiling after full and proper exhaustion of all claims.[2]

**BACKGROUND AND PROCEDURAL HISTORY**

On April 15, 1999, the State of Hawai`i filed a four-count complaint charging Murauskas with Count One: murder in the second degree in violation of Hawai`i Revised Statute ("Haw. Rev. Stat.") Section 707-701.5; Count Two: attempted murder in the first degree in violation of Haw. Rev. Stat. Sections 705-500, 707-701(1)(a) and 707-656; Count Three: attempted murder in the second degree in violation of Haw. Rev. Stat. Sections 705-500, 707-701.5 and 707-656; and Count Four: kidnapping in violation of

---

[2] On December 27, 2006, Murauskas filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit. Murauskas appeals this Court's findings in the:
- a. June 16, 2006 Order denying Murauskas' Ex Parte Motion for Court Order filed June 5, 2006;
- b. July 25, 2006 Order denying Murauskas' Motion to Correct the Court Record filed July 11, 2006;
- c. August 28, 2006 Order denying Murauskas' Motion for Reconsideration filed August 7, 2006;
- d. August 31, 2006 Order denying Murauskas' Motions filed August 24, 2006;
- e. October 2, 2006 Order denying Murauskas' Motion to Order Respondent Parker to Allow Murauskas Access to the Court filed on August 24, 2006; and
- f. December 5, 2006 Order denying Murauskas' Motion for Reconsideration filed November 16, 2006.

This Court will proceed with the instant habeas action because Murauskas filed a jurisdictionally invalid appeal. The Ninth Circuit Court of Appeals has held that an appeal from an order that is neither final nor appealable does not divest the district court of jurisdiction over the action or the order challenged in the appeal. See Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993) (appeal from Magistrate Judge order); United States v. Garner, 663 F.2d 834, 837 (9th Cir. 1981).

Haw. Rev. Stat. Section 707-720(1)(b).  (Prelim. Answer at 1.) Between January 10, 2002, and January 29, 2002, a jury trial proceeded before the Honorable Dexter D. Del Rosario in the Circuit Court of the First Circuit State of Hawai`i ("Circuit Court").  On January 29, 2002, the jury found Murauskas guilty of Count Two, attempted murder in the first degree, and Count Four, kidnapping.  (Id. at App. H, 109:14-25, 110-111:1-17.)  On April 12, 2002, the Circuit Court sentenced Murauskas, on Count Two, to life imprisonment without the possibility of parole, and on Count Four, to life imprisonment with the possibility of parole.  (Id. at App. I, 2:14-25, 3:1.)

On May 23, 2005, Murauskas filed his Opening Brief in the direct appeal of his January 29, 2002, criminal conviction, in the Supreme Court of the State of Hawai`i.[3]  On appeal, Murauskas (1) challenged the sufficiency of the evidence presented at trial to support his conviction in Count Two ("Ground One"), and (2) alleged that the jury convicted him of

---

[3] The Circuit Court entered Judgment on April 12, 2002.  On April 17, 2002, the Circuit Court appointed James C. Beaman, Esq., as Murauskas' appellate counsel.  On April 26, 2002, Beaman filed the Notice of Appeal. On March 18, 2003, the Hawaii Supreme Court temporarily remanded the matter so that the Circuit Court could appoint new appellate counsel.  On March 20, 2003, the Circuit Court appointed Emlyn H. Higa, Esq.  On September 22, 2004, the Hawaii Supreme Court again remanded the matter so that the Circuit Court could appoint new appellate counsel.  On December 6, 2004, the Circuit Court appointed Christopher R. Evans, Esq.  Based on the state court record, the cause of the repeated delays and appointment of new counsel in the direct appeal is unknown.

attempted murder in the first degree based on their bias against him ("Ground Two").  (Id. at App. J, 36-37.)  In Ground One, Murauskas asserted that no substantial steps were taken with respect to the attempted murder charge.  As to Ground Two, Murauskas cited no law and made no apparent argument with respect to his contention that the jury convicted him based on their bias against him.  (Id. at App. 3-4.)

On November 21, 2005, the Hawai`i Supreme Court issued a Summary Disposition Order wherein the court affirmed the judgment of the Circuit Court.  The Hawai`i Supreme Court held that the prosecution submitted sufficient evidence to show that Murauskas took a substantial step in attempting to commit murder.[4]  Murauskas did not file a petition for certiorari in the United States Supreme Court or a Rule 40 petition for post-conviction relief in state court.

On June 5, 2006, Murauskas initiated this habeas action when he filed an Ex Parte Motion for Court Order alleging that prison officials were preventing him from filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Murauskas alleged that necessary legal documents were being withheld from him while he was in administrative segregation, and that prison officials were refusing to issue him a check from his

---

[4] The Hawaii Supreme Court disregarded Murauskas' second ground for relief because Murauskas made no argument in support of his position.

prison trust account to pay the costs of instituting a habeas action in federal court.  This Court held a status conference on June 16, 2006, to determine the basis for Murauskas' claims and whether court intervention was necessary.  During the status conference, Murauskas conceded that the legal documents he had alleged were being withheld from him were now in his possession.  On June 22, 2006, Murauskas duly filed his Petition for Writ of Habeas Corpus and paid the $5.00 filing fee.  (Doc. No. 12.)  On July 5, 2006, the court ordered Murauskas to amend his Petition to name the state officer who had custody over him at the time he filed the Petition.  (Doc. No. 15.)  On July 24, 2006, Murauskas filed his Amended Petition, raising five grounds for relief:

    A.    Ground One: "Murauskas was denied his right to appeal his criminal convictions by the State of Hawai`i . . . not one of Murauskas' three court-appointed attorneys on appeals, [sic] did anything that would result in the proper representation of appeals."  (Amd. Pet. at 8.)

    B.    Ground Two: "Murauskas was denied his right to legal representation on his efforts to appeal his criminal convictions by the state of Hawai`i."  (Amd. Pet. at 9.)

    C.    Ground Three: "Murauskas was denied his right to legal representation that is effective on his criminal appeals by the State of Hawai`i."  (Amd. Pet. at 11.)

    D.    Ground Four: "Murauskas was denied his right to a timely appeal on his criminal convictions by the State of Hawai`i."  (Amd. Pet. at 14.)

    E.    Ground Five: "Murauskas was denied equal and fair protection under the due process requirement, by the State of Hawai`i."  (Amd. Pet. at 16.)

**LEGAL STANDARD**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only overturn a state court's judgment if it "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before a petitioner may bring a habeas petition to federal court, however, all of the claims raised must be exhausted in the state courts. 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). To do so, a petitioner must present his claims to the highest state court, to give that court a fair opportunity to rule on the merits of each and every issue sought to be raised in the federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 839-40 (1999); Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Galvan v. Alaska Dep't of Corr., 397 F.3d 1198, 1201-02 (9th Cir. 2005). A petitioner may present his claims either on direct appeal or in state collateral proceedings. See Turner v. Compoy, 827 F.2d 526, 528 (9th Cir. 1987).

There are two ways that exhaustion may be accomplished.

First, a petitioner may *actually* exhaust his claims by presenting them in a proper procedural manner to the state courts. To fully exhaust federal claims in the state court, petitioners must alert, or "fairly present" their claims as federal as well as state claims. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365-66 (1995)); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001). A petitioner must make the federal basis of his claim explicit, either by referring to specific provisions of the federal constitution or statutes, or citing to federal case law. Lyons, 232 F.3d at 668, 670. This "give[s] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[,]" in the first instance. Duncan, 513 U.S. at 365.

Ordinarily, to "fairly present" federal claims to a state court, the federal issues must be clearly identified as such in the state court brief presented to that specific court. Baldwin, 541 U.S. at 32. Moreover, a prisoner must "'fairly present' his claim *in each appropriate state court* (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. *at* 27-28 (internal quotation marks and citations omitted) (emphasis added); Casey v. Moore, 386 F.3d 896, 914 (9th Cir. 2004)

(accord); Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir. 1991) (holding that petition was properly dismissed because five of six claims were not presented at every level of direct review).  The state appellate court is not required to read the lower court's opinion or the briefing below to determine whether a federal question has been raised. Id.  Moreover, it is not enough to make a general appeal to a constitutional guarantee such as "due process" or "equal protection." Gray v. Netherland, 518 U.S. 152, 163 (1996).  Exhaustion demands more than a citation to a general constitutional provision, "detached from any articulation of the underlying federal legal theory." Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005).

A petitioner can also *technically* exhaust state remedies by either showing that the state court explicitly denied a claim on procedural grounds, or, if the claim was never presented to the state courts, that no state remedies remain available. Cassett v. Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005), cert. denied by, Schriro v. Cassett, --- U.S. ---, 126 S. Ct. 1336 (2006) ("[T]he procedural default rule . . . applies . . . when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred.") (citing Franklin v. Johnson, 290 F.3d 1223, 1230 (9th Cir. 2002)(internal quotation marks and citations

omitted)); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).

A state court's application of a procedural bar effectively exhausts the claim because "no state remedies remain available." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citing Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982)). "Because the exhaustion requirement refers only to remedies still available at the time of the federal petition, if a petitioner failed to present his claims in state court and can no longer raise them through any state procedure, state remedies are no longer available and are exhausted." Rivas v. Schriro, No. CV-05-434-PHX-DGC (BPV), 2006 WL 987990, at *8 (D. Ariz., April 13, 2006) (citations omitted). Thus, "a procedural default may be *caused* by a failure to exhaust federal claims in state court." Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002)(emphasis in original) (citing O'Sullivan, 526 U.S. at 848 (stating that the failure to timely present three federal claims to the state supreme court resulted in the procedural default of those claims).

Procedural default arises because, pursuant to a state court's procedural rules, a return to state court to exhaust the claims would be futile. Teague v. Lane, 489 U.S. 288, 297-99 (1989); Coleman, 501 U.S. at 735 n.1 (stating that a claim is procedurally defaulted when "the petitioner failed to exhaust state remedies and the court to which the petitioner would be

required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.").

## DISCUSSION

I. <u>Grounds One, Two, Three, Four, and Five Are Unexhausted.</u>

Respondents argue that Grounds One, Two, Three, Four, and Five of Murauskas' Amended Petition are unexhausted because he did not raise the claims on direct appeal of his criminal conviction or in any other state collateral proceeding. This Court agrees.

In Grounds One, Two, and Three of his Amended Petition, Murauskas asserts ineffective assistance of appellate counsel claims (Amd. Pet. at 8-13.); in Ground Four, Murauskas alleges that the State of Hawai`i, through the actions of the Hawai`i Supreme Court, denied his right to a timely appeal (<u>Id.</u> at 14.); and in Ground Five, Murauskas states that the State of Hawai`i denied his due process rights when the Hawai`i Supreme Court ignored his complaints about his three court-appointed appellate attorneys. (<u>Id.</u> at 16.) On direct appeal of his criminal conviction, however, Murauskas only presented two claims to the Hawai`i Supreme Court, neither of which mirror the claims set forth in his Amended Petition. First, in Ground One of his Opening Brief to the Hawai`i Supreme Court, Murauskas challenged the sufficiency of the evidence presented at trial to support his conviction in Count Two of attempted murder in the first degree.

Second, in Ground Two of his Opening Brief to the Hawai`i Supreme Court, Murauskas argued that extreme prejudice existed throughout the trial and that the jury convicted him of attempted murder in the first degree, based on their bias against him. (Prelim. Answer at App J, 36-37, Murauskas Opening Brief.)

Moreover, neither Grounds One or Two of Murauskas' direct appeal were fully exhausted because the claims were not "fairly presented" as federal as well as a state claims. Baldwin, 541 U.S. at 32. In Grounds One and Two of his direct appeal, Murauskas relies exclusively on Hawai`i case law and Hawai`i statutes. Murauskas did not refer to specific provisions of the federal constitution or statutes, nor did he cite to federal case law. As such, although Murauskas presented Grounds One and Two to the highest state court, his claims are not fully exhausted because he did not "fairly present" the claims as federal as well as state claims.

Murauskas did not raise Grounds One, Two, Three, Four, or Five of his Amended Petition on direct appeal of criminal conviction or in any other state collateral proceeding. Thus, Murauskas did not provide the State a fair opportunity to rule on the merits of each and every issue brought before this Court in his Amended Petition. See O'Sullivan, 526 U.S. at 839-40; Granberry, 481 U.S. at 133-34; Galvan, 397 F.3d at 1201-02. Accordingly, Murauskas has not exhausted all adequate

and available state court judicial remedies.  This Court FINDS that Grounds One, Two, Three, Four and Five of the Amended Petition are unexhausted.  Accordingly, this Court RECOMMENDS that the Amended Petition be DISMISSED without prejudice to refiling after full and proper exhaustion of all claims.

II. <u>Murauskas Did Not Procedurally Default Grounds One, Two, Three, Four, or Five in State Court.</u>

Respondents argue that, having failed to fairly present the claims set forth in his Amended Petition to the Hawai`i Supreme Court on direct appeal of his criminal conviction, Murauskas procedurally defaulted those claims and is now procedurally barred from raising them in federal court.  This Court disagrees.

Rule 40 of the Hawai`i Rules of Penal Procedure ("Haw. R. Pen. P.") states in pertinent part:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

Haw. R. Pen. P. 40(a)(3).

Murauskas could not have presented the claims set forth in his Amended Petition on direct appeal. First, Grounds One, Two, and Three of the Amended Petition set forth ineffective assistance of <u>appellate</u> counsel claims. Second, Grounds Four and Five set forth claims regarding the Hawai`i Supreme Court's alleged mismanagement of Murauskas' <u>direct</u> <u>appeal</u>. Thus, all five grounds set forth in the Amended Petition state claims directly related to Murauskas' direct appeal of his criminal conviction. Murauskas' appellate counsel did not, and could not have been expected to, raise his appellate assistance or the Hawai`i Supreme Court's alleged appellate mismanagement as a point of error in the direct appeal.

It appears to this Court that state remedies remain available because the claims before this Court were neither previously ruled upon nor knowingly and understandingly waived. Haw. R. Penal P. 40(a)(3). In addition, although the court is not now ruling on this issue, it appears that Murauskas may have, up to and including **February 20, 2007,** to file a Rule 40 petition for post-conviction relief in state court.

## CONCLUSION

Based on the foregoing, this Court FINDS that all claims in the Amended Petition are unexhausted, but not

procedurally defaulted in the state courts.  Accordingly, this Court RECOMMENDS that Murauskas' Amended Petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice to refiling after full and proper exhaustion of all claims.

       IT IS SO FOUND AND RECOMMENDED.

       DATED AT HONOLULU, HAWAI`I, January 25, 2007.



     /S/ Leslie E. Kobayashi
     Leslie E. Kobayashi
     United States Magistrate Judge

Murauskas v. Parker, Civ. No. 06-312 JMS-LEK; FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS; heather\Habeas 07\Murauskas 06-312 (dny pet unexhausted)